[Civ. No. 10978. Second Appellate District, Division Two.—July 31, 1936.]

COUNTY OF LOS ANGELES, Appellant, v. MARTIN A. LEACH et al., Defendants; E. LAURA HOFFMAN et al., Respondents.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Appellant.

S. Oliver Bletz for Respondents.

McCOMB, J., *pro tem.*—This appeal is from a judgment in favor of respondents after trial before a court without a jury.

The conceded facts are:

Seaboard Surety Corporation of America executed and delivered to the state of California a bail bond in the sum of $20,000, whereupon Martin A. Leach was released from custody upon a writ of *habeas corpus*. At the same time respondents agreed to indemnify and save harmless Seaboard Surety Corporation of America "from and against any and all liability, expenses, attorney's fees, debts, loss or damages whatever that" the said surety corporation might "at any time sustain, incur, or be put to by reason of its execution"

of the aforementioned bail bond. The *habeas corpus* proceedings were determined adversely to Martin A. Leach, who fled from the state and who has not as yet been apprehended.

A summary judgment was entered against Seaboard Surety Corporation of America for the sum of $20,000 but remained unpaid, as the surety corporation was insolvent.

The sole question presented for determination is:

■ *Can the people of the state of California recover upon an indemnity agreement, executed and given to a surety, providing in part that the indemnitors will indemnify and save the surety harmless from all liability and pay the surety immediately upon declaration of forfeiture of the bail bond, for which the indemnity agreement was executed, the face amount of the bond, if the surety company becomes insolvent and a summary judgment against it remains wholly unpaid?*

In the present case respondents by their indemnity agreement agreed: (a) "To indemnify and at all times save harmless the Surety from and against any and all liability, expenses, attorney's fees, debts, loss or damages whatever that the Surety" should at any time sustain, incur or be put to by reason of its execution of the bail bond: (b) "To pay the Surety immediately upon the declaration of forfeiture upon the bail bond . . . the penal amount of" the "bail bond".

Under an indemnity agreement similarly worded our Supreme Court in the case of *Union Oil Co.* v. *Pacific Surety Co.*, 182 Cal. 69, 80 [187 Pac. 14], held the obligee of the original bond entitled to sue. Therefore, because it is our duty to follow the decisions of the Supreme Court, and solely on the authority of this case, we hold that the question set forth above must be answered in the affirmative. .

The judgment is reversed.

Crail, P. J., and Wood, J., concurred.